*338 OPINION.
Van Fossan :
The petitioner contends that there should be included in consolidated invested capital for the year 1920 the amount by which the indebtedness of the Truckee Lumber Company and the Butte and Plumas Railway Company to the Southern Pacific Com *339 pany was reduced as a result of the contract between the petitioner, the Butte and Plumas Railway Company and the Southern Pacific Company. The petitioner refers to the amount of the reduction as $275,000 and states in its brief that this sum was necessarily entered as surplus on the books of account of the Truckee Company and the Butte and Plumas Railway Company and therefore must be considered as additional invested capital. No proof of such an entry was offered. The figure quoted is evidently in error — the difference between the loan and interest and the settlement figure being approximately $175,000.
Under the provisions of section 326 of the Revenue Act of 1918, which are applicable to this proceeding, “ invested capital ” means cash or property at its actual cash value, bona fide paid in for stock or shares, and also certain paid-in or earned surplus, not including surplus and undivided profits earned during the taxable year. The respondent computed the consolidated invested capital for the taxable years in the sum of $499,962.43, as stated in Bureau letter dated January 22,1927. This amount is practically identical with the face value of petitioner’s outstanding capital stock at the end of the year 1919, as shown in its income and profits-tax return for 1920, plus its prorated cash receipts from additional capital stock sold during 1919.
With the exception of the tax return and the Bureau letters, very little evidence of the facts revealed by the accounts of the several companies was offered by petitioner. A tax return showing certain figures is not proof of the correctness or even the existence of records. None of the books of account of either of three corporations, the operations of which are involved in this proceeding, were introduced in evidence. No witness testified as to the contents of such books. There is no evidence from which we can determine whether prior to January 1,1920, the petitioner and its affiliated corporations had an earned surplus or an operating deficit. It can not be determined as a fact whether the amount of the reduction in indebtedness hereinbefore referred to had ever been entered in the books of account as surplus, nor can it be determined whether, if such amount was so entered, it had been diminished or altogether extinguished by a deficit in the operating account. Moreover, since it appears affirmatively in the evidence that at the date of the acquisition by petitioner of the capital stock of the Truckee Lumber Company the property of the Butte and Plumas Railway Company had not been used for several years and was in bad condition, it is fairly inferable that between December, 1916, the year of petitioner’s acquisition of the capital stock of the Truckee Lumber Company and the end of 1919 there had been operating losses of a considerable amount.
The fact that petitioner filed a tax return indicating certain invested capital proves little or nothing with respect to the issue *340 before us. Respondent has allowed certain invested capital. The burden was on petitioner to prove the error, if any, in this allowance. It must submit all facts necessary to enable us to reach a conclusion on the issue joined. This it has failed to do, although attention was specifically directed to that fact at the hearing and, on suggestion of the respondent after petitioner had concluded its case, opportunity was afforded to adduce additional evidence. Proof of essential facts can not be left to speculation and conjecture. Being unable to determine, because of insufficient evidence, whether or not the amount of petitioner’s consolidated invested capital was in excess of the amount computed by the respondent, we hold against petitioner.

Judgment will be entered for ihe respondent.